## No. 1109.

### MARY ANN PETIT, WIFE, &c., vs. STEVENS & SEYMOUR ET AL.

This is a suit for damages, by a wife separated in property, against creditors of the husband, for having seized and sold goods which, she pretends, belonged to her and were in her possession. *Held* that the evidence shows conclusively that the goods belonged to the husband.

APPEAL from the Thirteenth Judicial District Court, parish of St. Landry. *Hudspeth*, J.

---

*H. L. Garland* for Plaintiff and Appellant:

First—A wife separate in property from her husband is a third person. Her possession is as complete and as distinct from that of her husband as the possession of any other person.

Second—Her possession has the same legal effect as against her husband, or as against his creditors, as that of any other person.

Third—Possession, with or without good faith, of movables is title by legal presumption.

Fourth—Legal presumption is proof, and must be rebutted, where the law allows rebuttal.

Fifth—It is incumbent, then, on a seizing creditor of movables, who finds them in possession of a third person, to make clear that they do belong to his debtor. It is not sufficient to prove that they do not belong to the possessor.

*Kenneth Baillio* for Defendants and Appellees:

The ownership of things or property is acquired by inheritance either legal or testamentary, by the effect of obligations and by the operation of law. C. C. 870.

A contract of sale can take place between husband and wife only in the three special cases provided by law. C. C. 2446;

Counter-letters can have no effect against creditors or bona fide purchases; they are valid as to all others. C. C. 2337.

Possession is prima facie proof of ownership, and an adverse claimant must rebut this presumption by positive proof. C. C. 3434, 3454.

The plaintiff must make his case clear. 11 M. 194; 3 N. S. 575; 6 N. S. 207; 12 R. 40, 95, 883.

The burden of proof is on him who has to support his case by a fact of which he is supposed to be most cognizant, and the evidence of which is more within his power than that of his opponent. 11 M. 4, 194; 3 L. 534; 10 A. 639; 13 A. 397.

Conversations and admissions of one of the parties to a simulation are admissible in evidence, though made out of the presence of the other party. 29 A. 4.

The opinion of the Court was delivered by

FENNER, J. The plaintiff, wife of Abraham Milspaugh, and separate in property, alleges that she was the owner of a stock of goods contained in a certain store in the town of Washington, in this parish, which was seized and sold by defendants under a judgment against her husband; and for said wrongful seizure and sale, she claims damages to the amount of five thousand dollars.

After an attentive study of this huge record, we find that the pretensions of plaintiff are entirely unsupported by the evidence.

The contention, ably urged by her counsel. is that plaintiff was, at the time of seizure, in actual possession of the movables seized; that such possession vested her with presumptive title; and that, in order to succeed in their defense, it is necessary for the defendants to establish, not merely that the goods seized did not belong to the plaintiff, but that they did belong to their judgment debtor.

Assuming plaintiff's possession to have been established, the proposition, as above stated, would perhaps be correct, if the seizure of the goods were pending, and plaintiff were prosecuting a suit, by injunction, to restrain the sale and release the seizure. But, here, plaintiff obtained no injunction; the sale has been made; the funds paid over; and the execution is completed. Nothing remains but a suit for damages, based exclusively on the allegation that defendants have wrongfully seized, sold and appropriated to their use property which belonged to her. If it is proved that the property did not belong to her, the foundation of her action is removed; since, even if the property belonged to some person other than either herself or the judgment debtor of defendants, that person, and not the plaintiff, is the person damaged and entitled to indemnification,

The evidence, however, conclusively satisfies us:

1st. That plaintiff did not have possession of the goods seized;

2d. That she was not the owner thereof;

3d. That Abraham Milspaugh was both owner and possessor.

Prior to 1873, Abraham Milspaugh had, for many years, owned and conducted this store. At that time he had become heavily involved. One of his judgment creditors then seized and sold the stock of the store. It was bought in the name of his son, James H. Milspaugh. The seizing creditor's debt was settled by notes of James H., endorsed by a responsible friend of the family. It is not pretended that James H. bought for himself, or that he expected to pay the notes. He bought for his father, under the expectation that his father should continue the business and pay the notes, and his father did pay the notes. The pretension that the plaintiff, and not the father, was the real purchaser in the name of the son, is not sustained by the proof, and, if it were, would not sustain plaintiff's claim, because, at that time and for many years thereafter, plaintiff was not separated in property, and her purchase would not have operated differently from that by her husband.

If she was the real purchaser in the name of James H., the purchase enured to the benefit of the community. If she was not, how did she ever acquire title? The nominal title remained in James H. until his death in 1879; and the real title was either in him or in the community subsisting between Mr. and Mrs. Milspaugh. He never transferred title to her after her separation; and the community or her husband could not have done so, because her separation suit established no separate rights against her husband.

It is clear that James H. Milspaugh's purchase and title were mere shams, intended to protect the real ownership of A. Milspaugh from the assault of his creditors. James H. never denied, but always admitted, that the store was really his father's. After the death of James H. in 1879, it became necessary to interpose another disguise; and a sham sale was made to R. B. Hewitt, a son-in-law. Though contradictory, the weight of the evidence is in favor of the proposition that this sale was made by A. Milspaugh. A counter-letter, however, was taken in favor of the plaintiff, evidently to establish a further refuge, in case Hewitt should die or leave. He did leave for parts unknown not long before the seizure by defendants; and, as a last resort, the wife opposes her own claim of title against these creditors. It has no origin in any of the modes of acquiring property recognized by law. It is supported by no evidence except occasional and suspicious assertions of ownership by the wife and acknowledgments thereof by the husband, totally inconsistent with the acts and conduct of both, and evidently designed to throw further clouds upon the true title of the husband. As to possession, every unsuspicious circumstance locates it in the husband. He

rented the store. He transacted the business. The taxes and licenses were assessed in his name, when not in the name of Jas. H. Milspaugh. The presence of the wife in the store, and her occasional interventions in the business, are accounted for by the relation of husband and wife, and by the fact that the store and the matrimonial domicile were in the same building.

We have rarely encountered a case of conflicting evidence, where the preponderance was more overwhelmingly in favor of one side of a case, and that is, here, the side of the defendants.

It would be a useless waste of time to discuss the particulars of the testimony further.

It is, therefore, ordered that the judgment appealed from be affirmed at appellant's cost.